## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DIAMOND JARAMILLO,

       Plaintiff,

v.                                         No. 1:20-cv-1286 RB/KRS

CHRISTOPHER PADILLA and
ROBERT GONZALES,

       Defendants.

## **ORDER STAYING DISCOVERY**

THIS MATTER is before the Court on Defendant Robert Gonzales' Motion to Stay

Discovery, filed on April 21, 2021 as part of his Motion to Dismiss on Grounds of Qualified

Immunity. (Doc. 26).[1] Defendant Gonzales asks the Court to stay discovery pending resolution

of his Motion to Dismiss. *Id.* at 8-10. Plaintiff filed a response to the Motion on May 2, 2021,

(Doc. 27), and Defendant Gonzales file a reply on May 12, 2021, (Doc. 30). Having considered

the parties' briefing, the record of the case, and relevant law, the Court will stay discovery

pending resolution of Defendant Gonzales' Motion to Dismiss, (Doc. 26).

"Qualified immunity is an entitlement not to stand trial or face the other burdens of

litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]"

*Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th

Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The doctrine of qualified

immunity protects government officials not only from the costs associated with trial, but also

---

[1] It is a better practice for counsel to file a separate motion to stay discovery because in most cases in this District, the presiding judge rules on dispositive motions and the referral judge rules on motions relating to discovery. *See* D.N.M. LR-Civ. 73.1(a) ("For every civil case, excluding Social Security appeals, a Magistrate Judge will be assigned as a pre-trial Magistrate Judge … to preside over all non-dispositive pre-trial matters in accordance with Fed. R. Civ. P. 72(a).").

from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly … stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231. Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.

Plaintiff opposes staying discovery, arguing that Defendant is not entitled to a stay while the qualified immunity issue is pending and that Plaintiff would be prejudiced in meeting the pre-trial deadlines set in this case. (Doc. 27) at 18-22. These arguments are unavailing. The Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised, and "[s]tandard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.). As for Plaintiff's concern about meeting the deadlines that have been set in this case, the Court will set another scheduling conference after Defendant Gonzales' Motion to Dismiss has been ruled on and reset the pre-trial deadlines at that time.

IT IS THEREFORE ORDERED that discovery in this case is STAYED pending resolution of Defendant Gonzales' Motion to Dismiss on Grounds of Qualified Immunity, (Doc. 26).

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE